AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means  ☑ Original

CLERK'S OFFICE
A TRUE COPY
Sep 23, 2020
s/ JeremyHeacox
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>A Black Samsung Galaxy S20 touchscreen smart phone, referred to as the "Device" currently located at Kenosha Police Dept. under case no. 2020-00047576-9 | )<br>)<br>)  Case No. **20-M-434 (SCD)**<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Eastern_____ District of _____Wisconsin_____
*(identify the person or describe the property to be searched and give its location)*:

See attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____10-7-20_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Honorable Stephen C. Dries_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _____9-23-20 9:55 am_____   *Stephen C. Dries*
                                                                                   *Judge's signature*

City and state: _____Milwaukee, Wis_____   U.S. Magistrate Stephen C. Dries
                                                                             *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.:<br>772120-20-0104 | Date and time warrant executed:<br>October 1, 2020, 12:00PM | Copy of warrant and inventory left with:<br>Kenosha Police Department |
| Inventory made in the presence of :<br>ATF Special Agent Ryan Arnold | | |

Inventory of the property taken and name(s) of any person(s) seized:

Text messages, photos, videos, various application data, IP addresses, Snapchat information, contact numbers, toll records of phone calls and various other electronic information seized from cell phones

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 08/24/2021

*Executing officer's signature*

ATF Special Agent Richard Connors

*Printed name and title*

# ATTACHMENT A

The property to be searched is a Black Samsung Galaxy S20 touchscreen smart phone, (the "Device"). The Device is currently located at **Kenosha Police Department Property ID Bureau located at 1000 55th St, Kenosha, WI, 53140.** The Device is inventoried under case number **2020-00047576, item number 9.**

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of **Title 18, United States Code, Sections 922(a)(6) and (g)(3)** and involve **Nygil A. MCDANIEL** since **April 17, 2020**, including:

   a. lists of narcotics dealers and related identifying information;

   b. types, amounts, and prices of drug transactions, as well as dates, places, and amounts of specific transactions;

   c. any information related to sources of drugs or firearms (including names, addresses, phone numbers, or any other identifying information);

   d. any information related to MCDANIEL's purchase, receipt, or possession of firearms during the time he has been prohibited by federal law from possessing firearms;

   e. any information recording MCDANIEL's schedule or travel to the present;

   f. all bank records, checks, credit card bills, account information, and other financial records relevant to the sale and/or trade of narcotics and firearms;

   g. photos, videos, IP addresses, contact information, contact lists;

   h. text messages, social media messages and content, SMS messages, iMessage data, relating to the sale and/or trade of narcotics and firearms;

   i. electronic mail to include the content of the emails, and associated email addresses, relating to the sale and/or trade of narcotics and firearms;

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

# UNITED STATES DISTRICT COURT
для the
Eastern District of Wisconsin

CLERK'S OFFICE
A TRUE COPY
Sep 23, 2020
s/ JeremyHeacox
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

A Black Samsung Galaxy S20 touchscreen smart phone, referred to as the "Device" currently located at Kenosha Police Dept. under case no. 2020-00047576-9

Case No. 20-M-434 (SCD)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See attachment A.

located in the **Eastern** District of **Wisconsin**, there is now concealed *(identify the person or describe the property to be seized)*:

See attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(a)(6) | False Statement to Federal Firearms Licensee |
| 18 U.S.C. 922(g)(3) | Unlawful Possession of Firearms |

The application is based on these facts:
See affidavit attached.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

ATF SA Richard E. Connors, III
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by **telephone** *(specify reliable electronic means)*.

Date: 9/23/20

*Judge's signature*

City and state: Milwaukee, WI

U.S. Magistrate Stephen C. Dries
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, **ATF SPECIAL AGENT RICHARD CONNORS**, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am employed as a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) assigned to the Milwaukee Field Office since October of 2015. I have been employed as a full time law enforcement officer for over 5 years. I have received training at the Federal Law Enforcement Training Center in Glynco, GA. I attended the Criminal Investigator Training Program, as well as ATF's Special Agent Training Program. I have received training in the investigation of unlawful possession of firearms, the unlawful transfer of firearms, and the unlawful dealing in firearms without a dealers' license. Prior to becoming a Special Agent with the ATF, I received two (2) bachelor's degrees from Northern Illinois University in the fields of Sociology and International Relations. I have received a Master's degree from Northern Illinois University in the field of American Government.

3. I have received training in the investigation of firearms trafficking, and I work alongside several senior ATF agents who have worked extensive firearms trafficking

investigations in the past. I have additionally worked multiple investigations involving individuals prohibited from possessing firearms. I know that there are ten categories that can prohibit a person from possessing firearms to include being an unlawful user of a controlled substance.

4. I have participated in several firearms trafficking investigations that involved the seizure of computers, cellular phones, cameras, and other digital storage devices, and the subsequent analysis of electronic data stored within these computers, cellular phones, cameras, and other digital storage devices. In many occasions, this electronic data has provided evidence of the crimes being investigated and corroborated information already known or suspected by law enforcement.

5. Furthermore, I know from training and experience it is common for drug users, drug dealers, firearms traffickers, and firearms straw purchasers to communicate via cellular phone through a variety of electronic media. For example, drug dealers often use text (SMS) messaging, phone calls, electronic mail, messaging applications, and/or various social media applications such as Facebook or Twitter, to facilitate their distribution.

6. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other investigators and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## **IDENTIFICATION OF THE DEVICE TO BE EXAMINED**

7. The property to be searched is a Black Samsung Galaxy S20 touchscreen smart phone, hereinafter referred to as the "Device." The Device is currently located at the Kenosha

Police Department Property ID Bureau, 1000 55th St, Kenosha, Wisconsin 53140. The Device is inventoried under case number 2020-00047576, item number 9.

8. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

9. On August 26, 2020, a subject identified as Nygil A. MCDANIEL (B/M, DOB: 03/19/1994) was stopped by officers from the Kenosha Police Department (KPD) for a curfew violation after days of civil unrest related to an officer involved shooting which occurred on August 23, 2020. A city-wide curfew order was issued from 7:00PM on 08/26/2020 until 7:00AM on 08/27/2020.

10. At approximately 8:30PM on the evening of August 26, KPD officers observed two individuals walking eastbound in an alleyway between 52nd and 53rd streets in Kenosha. Officers saw at least one long gun resembling an assault rifle. Both individuals, including MCDANIEL, were detained for violating the citywide curfew order. As officers approached, MCDANIEL lowered a loaded AK-style pistol to the ground. He told officers that he had another firearm in his backpack. After an inventory search of a black tactical backpack worn by MCDANIEL, officers recovered one (1) Glock pistol, model 27, .40 caliber, bearing serial number BGBX771, one (1) clear plastic bag containing a green leafy substance which appeared to be marijuana, and one (1) Samsung touchscreen cell phone with a black camouflage pattern case. MCDANIEL was arrested for violating state of Wisconsin statutes 961.41(3G)(e)-possession of marijuana, 941.23(2)-carry concealed weapon, and 323.28-curfew violation.

3

11. Continuing on the same date, KPD Officer Jason Krueger weighed the suspected bag of marijuana which had an approximate weight of 13.6 grams. Additionally, Officer Krueger tested the substance using a Duquenois-Levine Reagent E test kit. The substance tested positive for the presence of THC.

12. On August 27, 2020, your affiant along with ATF Special Agent Dalton Evertz interviewed MCDANIEL regarding his arrest. The custodial interview occurred at the Kenosha County Sheriff's Department and was audio/video recorded. The Miranda warning was administered via recitation of ATF Form 3200.4 (Advice of Rights and Waiver); MCDANIEL voluntarily waived his rights. Additionally, MCDANIEL voluntarily waived the right to prompt presentment in Federal Court and stated that he wished to speak with us.

13. After MCDANIEL waived his rights, I asked MCDANIEL to explain the events leading up to his arrest on August 26, 2020. MCDANIEL stated that he, along with his cousin, had planned on attending protests in Kenosha to "deter someone from making a mistake." MCDANIEL explained he is a Kenosha resident and did not want to see any damage done to his community. MCDANIEL acknowledged, in relevant part, that when he was arrested he possessed a "draco" (which I know to be a common term for an AK-style pistol), a Glock 27 pistol, and marijuana. MCDANIEL informed the SAs that the AK-style pistol he was carrying belonged to his cousin, who was the other individual stopped with him in the alleyway. MCDANIEL again admitted he had an additional firearm, a Glock 27 .40 caliber pistol, in the backpack he was carrying at the time of his arrest. MCDANIEL stated he was the owner of the Glock 27 pistol. MCDANIEL informed the SAs he purchased the firearm from Gander Mountain in/around March 2020. I am aware that Gander Mountain is now known as Camping World of Kenosha and is a Federal Firearms Licensee. MCDANIEL claimed that he had not carefully

reviewed the Firearms Transaction Record (ATF Form 4473) that he completed as part of that purchase.

14. I asked MCDANIEL to discuss his (MCDANIEL's) marijuana usage. MCDANIEL replied that he smokes marijuana "not every day, but just about." MCDANIEL admitted that he has been a regular user of marijuana for several years, and estimated that he has been using marijuana approximately five times per week throughout 2020.

15. Lastly, MCDANIEL confirmed the cell phone located in his backpack was a Samsung Galaxy S20.

16. On September 16, 2020, SA Evertz obtained the Firearms Transaction Record (ATF Form 4473) for the aforementioned Glock 27 handgun. The firearm was transferred to MCDANIEL on April 24, 2020, from Federal Firearm Licensee Gander Outdoors located at 6802 118th Ave, Kenosha, WI, 53142. The form asked: "*Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance?*" On April 17, 2020, MCDANIEL filled out the firm and answered "no"; MCDANIEL certified that this answer was "still true, correct, and complete" a week later when he took possession of the Glock.

17. I am aware through training and experience that individuals who consume and/or distribute controlled substances often rely on communication devices in order to acquire and/or sell these substances. MCDANIEL's admitted possession and regular use of marijuana suggests that there could be evidence of narcotics consumption within the Device. I therefore respectfully seek a warrant to search for evidence of MCDANIEL's unlawful use of, or addiction to, controlled substances while possessing firearms.

5

18. The Device is currently in the lawful possession of the Kenosha Police Department. KPD seized the device incident to MCDANIEL's arrest. Therefore, while KPD might already have all necessary authority to examine the Device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

19. The Device is currently in storage at the Kenosha Police Department Property ID Bureau located at 1000 N. 55th St, Kenosha, WI, 53140. The device is inventoried under KPD case number 2020-00047576, item 9. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the Kenosha Police Department.

## TECHNICAL TERMS

20. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless

telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or

7

miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data

and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

g. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

9

21. Based on my training, experience, and research, and from consulting the manufacturer's advertisements and product technical specifications available online at www.samsung.com, I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

22. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

23. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

10

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

24. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but

11

not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

25. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## **CONCLUSION**

26. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

RICHARD E. CONNORS III
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me
on September 22, 2020:

HON. STEPHEN C. DRIES
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

The property to be searched is a Black Samsung Galaxy S20 touchscreen smart phone, (the "Device"). The Device is currently located at **Kenosha Police Department Property ID Bureau located at 1000 55th St, Kenosha, WI, 53140.** The Device is inventoried under case number **2020-00047576, item number 9.**

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of **Title 18, United States Code, Sections 922(a)(6) and (g)(3)** and involve **Nygil A. MCDANIEL** since **April 17, 2020**, including:

   a. lists of narcotics dealers and related identifying information;

   b. types, amounts, and prices of drug transactions, as well as dates, places, and amounts of specific transactions;

   c. any information related to sources of drugs or firearms (including names, addresses, phone numbers, or any other identifying information);

   d. any information related to MCDANIEL's purchase, receipt, or possession of firearms during the time he has been prohibited by federal law from possessing firearms;

   e. any information recording MCDANIEL's schedule or travel to the present;

   f. all bank records, checks, credit card bills, account information, and other financial records relevant to the sale and/or trade of narcotics and firearms;

   g. photos, videos, IP addresses, contact information, contact lists;

   h. text messages, social media messages and content, SMS messages, iMessage data, relating to the sale and/or trade of narcotics and firearms;

   i. electronic mail to include the content of the emails, and associated email addresses, relating to the sale and/or trade of narcotics and firearms;

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.